UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 03-30008-MAP |
| ) | |
| JOSE I. GARCIA, ) | |
| a/k/a "Q," ) | |
| ) | |
| Defendant. ) | |

**MOTION TO CONTINUE SENTENCING DATE**
(Assented To)

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby respectfully requests that the sentencing hearing in the above-captioned matter be continued from Wednesday, December 7, 2005, for at least two weeks to such date as is convenient for the court. As grounds for this motion, the government states the following.

The defendant, Jose I. Garcia, a/k/a "Q," was charged in Count One of the Second Superseding Indictment, which alleges a conspiracy to distribute cocaine, cocaine base ("crack") and heroin. On August 19, 2004, the defendant pled guilty to possession with intent to distribute and distributing at least 5 kilograms of cocaine, pursuant to a plea and cooperation agreement, which he entered into with the government on or about that same date.

For sentencing guidelines purposes, the defendant agreed

that the relevant quantity of cocaine for which he was knowingly responsible for purposes of the United States Sentencing Guildelines was at least 5 kilograms but less than 15 kilograms. Thus, the defendant's anticipated offense level is 32, which would be reduced by three levels to 29 for acceptance of responsibility. Based on his criminal history, it appears that the defendant is in Criminal History Category I. His sentence under the guidelines, therefore, would be 87-108 months' imprisonment.

Because the quantity of cocaine involved in his criminal conduct was 5 kilograms or more, the defendant is facing a 10 year minimum mandatory prison sentence under 21 U.S.C. § 841(b)(1)(A)(ii), and a maximum potential sentence of life. Thus, the defendant's potential statutory sentence exceeds his otherwise applicable guidelines sentencing range. For that reason, the government's decision as to whether or not it will move for a substantial assistance departure, pursuant U.S.S.G. § 5K1.1, and/or file a motion under 18 U.S.C. § 3553(e), is of unusually critical importance to the defendant. The government has not yet made that decision for the reasons that follow.

The government expected that the undersigned attorney's co-counsel on this case would be handling the sentencing hearing for this defendant. Unanticipated circumstances, however, have rendered that attorney unavailable for hearings on contested

matters. Because of the change in primary counsel for the government for the sentencing hearing in the present matter, combined with the undersigned attorney's competing office duties and responsibilities, including the completion of the government's response brief in the appeal of United States v. Leja, Appeal No. 05-1764, the government has only recently commenced the substantial assistance review process. Accordingly, the defendant's cooperation has not been fully considered by the government, and a decision as to whether or not the government will move for a substantial assistance departure under U.S.S.G. § 5K1.1 and/or file a motion under 18 U.S.C. § 3553(e), has not been rendered.

On a related matter, the government notes that there is disagreement among the parties as to whether the defendant is safety-valve eligible. The government contends that the defendant's use and/or threatened use of violence during the course of the conspiracy renders him ineligible for the safety-valve, pursuant to U.S.S.G. §5C1.2(a)(2) and 18 U.S.C. § 3553(f)(2). The U.S. Probation Department's Pre-Sentence Report does not credit the defendant with being safety-valve eligible. The defendant has indicated to the government that he will claim eligibility for the safety valve at sentencing, but he has not yet filed an objection to the Pre-Sentence Report.

In the event that the defendant files such an objection, the

3

government will be presenting the testimony of three cooperating co-defendant's at the defendant's sentencing in support of its position that the defendant engaged in the use and/or threatened use of violence. The government anticipates that the testimony of those three witnesses will require approximately one hour to one-hour and one-half depending on the duration of cross-examination. The government further notes that the defendant is Colombian and will require the services of a Spanish interpreter, which also may extend the duration of the hearing.

The government recognizes its obligation to make a careful and reasoned assessment of the extent and quality of the defendant's cooperation prior to his sentencing and regrets the delay in doing so. The government further recognizes that rescheduling a sentencing that may require the presentation of evidence and the services of an interpreter is a great inconvenience for the court. Nevertheless, the government is respectfully requesting the court's indulgence for additional time to satisfy its obligations. Finally, the government notes that Mr. Garcia is the only defendant in this multi-defendant case who has entered into a plea and cooperation agreement who will be sentenced in the month of December. All of the remaining co-defendants whose pleas involve cooperation agreements will not be sentenced until mid-January, 2006. Accordingly, the government does not anticipate any further requests for

4

continuances of sentencings on the grounds asserted herein.

The defendant, through counsel, has been contacted and assents the requested continuance.

WHEREFORE, the government respectfully requests that the sentencing of Mr. Garcia be continued for at least two weeks.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Thomas J. O'Connor, Jr.
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by fax to:

Timothy G. Watkins
Assistant Federal Public Defender
Federal Defender Office
District of Massachusetts
408 Atlantic Ave., 3rd Floor
Boston, MA 02210
Fax: (617) 223-8080

This 5th day of December, 2005.

_____
Thomas J. O'Connor, Jr.
ASSISTANT U.S. ATTORNEY